# Ideal Savings, Loan & Building Ass'n of Newport v. Campbell County Bank.

(Decided June 12, 1936.)

WM U. WARREN for appellant.

OSCAR H. FORSTER for appellee.

OPINION OF THE COURT BY JUDGE STITES—Affirming.

This is an appeal from a judgment of the Campbell circuit court sitting in equity. On July 6, 1926, the board of council of the city of Dayton duly accepted a street improvement and passed the necessary ordinance levying a special assessment to pay its cost. The sum of $581.04 was apportioned to the property of one Frank Grimes, and a warrant in this amount was issued to the contractor. On January 20, 1927, Grimes executed a note to the Campbell County Bank in the sum of $582, and simultaneously with the execution of the note the bank purchased the apportionment warrant from the contractor and held it as collateral security on the obligation of Grimes. Thereafter various payments were made, and renewal notes were from time to time executed and delivered, until, on December 2, 1933, the obligation had been paid down to the principal sum of $350.

On August 16, 1929, Grimes executed a note and a mortgage on the real estate, already in lien under the apportionment warrant, in the sum of $625, to the appellant, Ideal Savings, Loan & Building Association of Newport, Ky. A second note in the sum of $375 and a third note of like amount were executed and delivered by Grimes to the appellant on November 1, 1929, and January 9, 1930, respectively, and the mortgage of appellant was extended to cover these additional advancements. On February 14, 1934, Grimes died intestate.

This suit was commenced by appellant on April 7, 1934, for the purpose of foreclosing its mortgages on the property. The appellee, Campbell County Bank, was made a party defendant, and filed an answer and cross-petition, in which it asked that its lien in the sum of $350 be enforced prior to that of the appellant. The court adjudged the sale of the property and also that the lien of the appellee was superior to that of the appellant. It is urged by the appellant that the claim of appellee was barred by limitation under section 2515 of the Kentucky Statutes, and this is the only point seriously debated.

It is clear that a plea of the statute of limitations

would not be available to Grimes, the property owner, against the claim of the Campbell County Bank, in view of the fact that he made regular and repeated payments to the bank up to December 2, 1933. Whether the bank credited the payments made on its note or on the apportionment warrant does not seem to us to be material. The warrant certainly was not extinguished by its purchase from the contractor. That the bank required Grimes to execute a note neither added to nor detracted from its efficacy. The appellant here stands in no better position than its mortgagor. The lien of the warrant was in full force when it advanced money to Grimes on the security of his property, and it does not even deny that it had actual notice (in addition to constructive notice) of the existence of appellee's lien when it made its second and third advancements to the property owner. Appellant took its mortgages on the property subject to the lien, and the effect of sustaining its present contention would be to increase the security of its loans by wiping out a charge against the property which Grimes himself could not do. The circuit court did not err in sustaining a demurrer to its plea of limitations. No element of an estoppel is present which would justify the application of a more favorable rule to appellant than to its grantor. It was in no way injured by the payments made on the warrant, for each payment thereon increased its own security pro tanto. It advanced no funds on the faith of the release of appellee's lien. In fine, it was not, as to appellee, a purchaser for value and without notice or entitled to any defense denied its grantor. Sustaining the lien of appellee can in no way be prejudicial to appellant's rights.

Judgment affirmed.